RECEIVED
IN LAKE CHARLES, LA.

JAN 13 2010

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20098-002 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HOWARD RONALD GUILLORY, SR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's first three objections have no impact on the Guideline calculations and do not require a ruling by the court.

The remaining objection concerns the applicability of the "safety valve." The defendant asserts that he is eligible for the "safety valve" provision of 18 U.S.C. §3553(f) which states:

> **(f) Limitation on applicability of statutory minimums in certain cases.--** Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> **(1)** the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> **(2)** the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C.A. § 3553.

The defendant satisfies the first four elements. At issue is the fifth element. The defendant asserts that he has been willing to debrief. The Government advised Probation that the defendant has not truthfully provided to the Government all information and evidence he has concerning this offense.

A defendant does not carry his burden by simply stating that he provided the prosecution with all requested information. These provisions require an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *United States v. Rankin,* 1 Fed.App'x. 389, 396, 2001 WL 45480, 6 (6th Cir. 2001).

§3553(f) states that the defendant shall provide this information no later than the time of the sentencing hearing. Accordingly, the defendant will be given an opportunity to direct the court to

an affirmative act demonstrating his compliance with §3553(f)(5) prior to being sentenced.

Lake Charles, Louisiana, this __6__ day of January, 2010.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE